IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:10-cv-00624 |
| v. | ) ) ) ) | |
| | ) ) | **COMPLAINT** |
| HUNTERSVILLE SEAFOOD INC., d/b/a CAPTAIN'S GALLEY | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Peter Economos and a class of similarly situated employees who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that defendant Huntersville Seafood Inc. d/b/a Captain's Galley ("Defendant") subjected Economos and a class of similarly situated employees to a sexually hostile work environment based on their sex, male. The Commission also alleges that Defendant discharged Economos in retaliation for complaining about the sexual harassment.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Huntersville and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Peter Economos filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around early November 2007 until at least May 23, 2008, Defendant engaged in unlawful employment practices at its restaurant in Huntersville, North Carolina (hereafter "Captain's Galley"), in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), as set forth below.

8. <u>Sexual harassment</u>. Defendant hired Economos as a kitchen prep and line cook on October 12, 2007. From early November 2007 until around May 23, 2008, Defendant subjected Economos to sexual harassment that created a sexually hostile work environment based on his sex, male. The harassment was perpetrated by one of Defendant's male employees, who was also a cook and Economos' co-worker (hereafter "Co-Worker"). The harassment was severe or pervasive in that it occurred on a daily or almost daily basis. The harassment included physical touching including not limited to, such things as the Co-Worker grabbing Economos' buttocks and testicles while Economos was bent over in the cooler; the Co-Worker touching, poking, or slapping Economos on his buttocks; the Co-Worker smacking Economos on his buttocks and/or forcefully sticking his finger between the cheeks of Economos' buttocks (through his shorts) and then pretending to smell and lick his finger. The harassment also included

3

sexual gestures including but were not limited to, the Co-Worker lifting his apron to show Economos that the Co-Worker had an erection or the Co-Worker acting like he had an erection by stuffing something in his pants.

9. Economos did not invite the physical touching or sexual gestures from the Co-Worker, and thought the gestures and touching were inappropriate and offensive. Economos took action to try to avoid the sexual harassment, including but not limited to trying to move away from the Co-Worker when the Co-Worker tried to touch Economos. Additionally, Economos repeatedly told the Co-Worker that the Co-Worker's actions were unwelcome and to stop touching him. Upon information and belief, the Co-Worker did not touch or make sexual advances towards the female employees.

10. In or around early November 2007 and again in or around March 2008, Economos complained to the company's owner that the Co-Worker grabbed his buttocks and testicles. In response, the owner took no action to stop the harassment. Although Economos complained about the unwelcome physical touching and gestures to Defendant, and Defendant otherwise knew or reasonably should have known about the harassment, the harassment continued after Economos' complaints to the owner.

11. <u>Retaliation discharge</u>. Defendant engaged in unlawful employment practices at its Captain's Galley restaurant in violation of Section 704(a) of Title VII, 42 U.S.C. § 20003-3(a), by discharging Economos because he opposed employment practices made unlawful by Title VII. Specifically, on or about May 23, 2008, Economos bent over to retrieve an item from the kitchen floor and the Co-Worker came up behind Economos and grabbed his buttocks. Economos again complained to the owner about the

Co-Worker repeatedly touching and grabbing him. In response to the complaint, the owner told Economos that he should go home if he had a problem with the Co-Worker. Economos reiterated his complaints about the Co-Worker touching him and asked the owner if he (Economos) was being terminated. The owner responded "yes," pointed Economos to the door, and instructed Economos to leave the restaurant. Economos complained about the sexual harassment on at least three occasions and was discharged the same day as his final complaint. Economos was discharged in retaliation for complaining about sexual harassment.

12. <u>Other aggrieved individuals</u>. The Co-Worker created a sexually hostile work environment for other male employees at Defendant's Captain's Galley restaurant, which was known to Defendant. Thus, Defendant subjected other similarly situated male employees to the sexually hostile work environment that was created by the Co-Worker who subjected Economos to unwelcome sexual conduct. Specifically, the Co-Worker subjected Defendant's other male employees to sexual gestures and physical touching based on their sex, male. The conduct was severe or pervasive in that it occurred regularly and included physical touching.

13. From around 2007 and continuing until around October 28, 2008, the Co-Worker subjected Defendant's male employees at the Captain's Galley restaurant to physical touching that included, but was not limited to, being touched, poked, or slapped on the buttocks. Some of the male employees complained to the company's owner about the unwelcome touching that they were subjected to by the Co-Worker, as well as the unwelcome, physical touching that Economos was subjected to. Although Defendant

knew or reasonably should have known about the harassment perpetrated that the Co-Worker toward Defendant's male employees, Defendant allowed the sexually hostile work environment to continue to exist and the sexual harassment to continue.

14. The effect of the practices complained of in paragraphs 8 - 11 above has been to deprive Economos of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex, male, and in retaliation for engaging in protected activity under Title VII. The effect of the practices complained of in paragraphs 12 – 13 above has been to deprive other similarly situated male employees at Defendant's restaurant of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, male.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Peter Economos and other similarly situated male employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from maintaining a sexually hostile work environment or engaging in any other employment practice which discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for men, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Peter Economos by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Peter Economos and other similarly situated male employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Peter Economos and other similarly situated male employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Peter Economos and other similarly situated male employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 7th day of December, 2010.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        s/ Lynette A. Barnes
        LYNETTE A. BARNES (NC Bar #19732)
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

        s/ Stephanie M. Jones
        STEPHANIE M. JONES (GA Bar #403598)
        Trial Attorney
        EQUAL EMPLOYMENT OPPOTURNITY
        COMMISSION
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C. 28202
        Phone: (704) 954-6471
        Fax: (704) 954-6412
        E-mail: Stephanie.jones@eeoc.gov

        ATTORNEYS FOR PLAINTIFF