IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>PETER ECONOMOS,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>HUNTERSVILLE SEAFOOD INC., d/b/a CAPTAIN'S GALLEY,<br><br>Defendant. | CIVIL ACTION NO. 3:10-cv-00624<br><br>CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Huntersville Seafood, Inc. d/b/a Captain's Galley ("Defendant") subjected Peter Economos ("Economos") and a class of similarly situated employees to a sexually hostile work environment based on their sex, male. The complaint further alleged that Defendant discharged Economos in retaliation for his complaints about the sexual harassment. Thereafter, Economos intervened, through counsel, alleging violations of Title VII. Defendant denies the allegations in the Complaint and denies that it has engaged in any discriminatory practices. Likewise, the Commission does not in any way imply or suggest that Defendant was in compliance with the law with respect to the Commission's allegations.

The Commission, the Plaintiff-Intervenor, and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the

Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex, including by subjecting them to a sexually hostile work environment, or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the total gross sum of Eight-Six Thousand Dollars ($86,000.00) in settlement of the claims raised in this lawsuit. The settlement monies shall be paid and distributed as follows:

 (a) Defendant shall pay Peter Economos the gross sum of Thirty-Five Thousand Dollars ($35,000.00) as follows:

  i. Within thirty (30) days of the Court's entry of this Consent Decree, Defendant shall pay Peter Economos the sum of Five Thousand Dollars ($5,000.00) representing compensatory damages; and

  ii. Within one hundred and twenty days (120) of the Court's entry of this Consent Decree, Defendant shall pay Peter Economos the sum of Twenty

2

Thousand Dollars ($20,000.00), representing compensatory damages, and the gross sum of Ten Thousand Dollars ($10,000), less applicable withholdings, representing back pay damages.

(b) Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall pay the sum of Fifty-One Thousand Dollars ($51,000.00), which shall be distributed amongst class members identified by the EEOC as follows:

i. Defendant shall pay Jonathan Bunn the sum of Ten Thousand Two Hundred Fifty Dollars ($10,250.00), representing compensatory damages, by issuing a check payable to Jonathan Bunn;

ii. Defendant shall pay Matthew Sherrill the sum of Twenty-Five Thousand Five Hundred Dollars ($25,500.00), representing compensatory damages, by issuing a check payable to Matthew Sherrill; and

iii. Defendant shall pay Douglas Turnmire the sum of Fifteen Thousand Two Hundred Fifty Dollars ($15,250.00), representing compensatory damages, by issuing a check payable to Douglas Turnmire.

Defendant shall mail the checks for Peter Economos to his counsel, Larry C. Economos, Esq., Economos Law Firm, PLLC, 204 Kirkeenan Circle, Morrisville, N.C. 27560, which shall be handled in accordance with the terms of the separate mediated Memorandum of Agreement between Intervenor and Defendant dated August 4, 2011. Defendant shall mail the checks for Messrs. Bunn, Sherrill, and Turnmire to each respective individual at addresses to be provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202, a copy of the check and proof of its delivery to the intended recipient. Payments for compensatory damages under this Consent Decree shall be reported on an IRS Form 1099 Miscellaneous Income Statement. Neither the EEOC nor Defendant makes any representation, or assumes any responsibility for any tax liability, assessments, interest, penalties and/or costs that

Peter Economos, Jonathan Bunn, Matthew Sherrill, or Douglas Turnmire may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Peter Economos, Jonathan Bunn, Douglas Turnmire, and Matthew Sherrill any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2008-04908 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Peter Economos, Jonathan Bunn, Douglas Turnmire, and Matthew Sherrill each with a neutral letter of reference, in the form attached hereto as Exhibits A, B, C, and D. Within five (5) days of the entry of this Consent Decree, Defendant shall mail a signed copy of the reference letter for each individual to that individual at addresses to be provided by the Commission. Within five (5) days of mailing the reference letters, Defendant shall report compliance to the Commission. In addition, if Defendant receives any inquiries regarding the employment of Economos, Bunn, Turnmire or Sherrill with Defendant, within two (2) business days of receiving the inquiry, Defendant shall respond to the inquiry by providing the written letter of reference for that individual in lieu of a verbal reference. Defendant shall not provide any information in response to the inquiry other than that contained in the individual's reference letter. Economos, Bunn, Turnmire and Sherrill shall be free to disseminate copies of their respective reference letter to potential employers.

6. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment and retaliation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current

employee a copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in its restaurant in Huntersville, North Carolina in a place where it is visible to employees. If any copy of the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in its restaurant located in Huntersville, North Carolina. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit E and hereby made a part of this Consent Decree, in a

place where it is visible to employees in each of its restaurants. If any copy of the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A.    The identities of all individuals who, during the preceding six (6) months, complained either verbally or in writing about unwelcome conduct, whether verbal or physical, based on their sex, or who reported any sexually harassing conduct, including but not limited to, conduct the individual believed to be sexual harassment or believed to be a violation of Defendant's sexual harassment policy (referenced in paragraph 6 above), by identifying each individual's name, last known telephone number and address, social security number, and job title;

    B.    For each individual identified in response to 10.A above, the date of the complaint/report, the full name and job title of the person to whom the complaint/report was made, the name of the individual or individuals who allegedly engaged in the conduct that was complained about, a detailed description of the alleged conduct, and a detailed description of what action, if any, Defendant took in response to the report/complaint; and

    C.    The identities of all individuals not previously identified in response to 10.A who, during the preceding six (6) months, opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, made an internal complaint, or filed an EEOC charge, gave testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each individual's name, address, telephone number, position, and social security number; and

    D.    For each individual identified in 10.A. or 10.C above, state whether the individual's employment status changed in any respect following the complaint/report/protected activity (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time), and if so, a detailed explanation as to why the individual's employment status changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such

review, the Commission may, after providing forty-eight (48) hours notice, interview employees and examine and copy documents and records. Notice shall be provided by sending a facsimile to Konstinos "Gus" Kazakos at 336-712-8188. The Commission may inspect Defendant's restaurant without notice for compliance with the posting provisions in as set forth in paragraphs 7 and 9.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: (1) if by mail - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202; or (2) if by email – EEOC at [EEOC-CTDO-DECREE-MONITORING@EEOC.GOV](mailto:EEOC-CTDO-DECREE-MONITORING@EEOC.GOV).

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

17. The Clerk of this Court is instructed to administratively close this action.

Signed: August 29, 2011

Max O. Cogburn Jr.
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

This the 25th day of August, 2011,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney

KARA GIBBON HADEN (NC Bar No. 26192)
Supervisory Trial Attorney

s/ Stephanie M. Jones
STEPHANIE M. JONES (GA Bar No. 403598)
Trial Attorney
Email: stephanie.jones@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

Telephone: 704.954.6471
Facsimile: 704.954.6412


PETER ECONOMOS, Plaintiff-Intervenor

s/ Larry Economos
LARRY ECONOMOS (NC Bar No. 16284)
ECONOMOS LAW FIRM, PLLC
200 West Third Street, Suite C
Greeneville, North Carolina 27858
Telephone: 252-752-0178
Email: leconomos@embarqmail.com


HUNTERSVILLE SEAFOOD, INC. d/b/a
CAPTAIN'S GALLEY, Defendant

s/ Eric M.D. Zion
ERIC M.D. ZION (NC Bar No. 28347)
WINSTON & STRAWN LLP
214 North Tryon Street
22nd Floor
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Email: ezion@winston.com

[DEFENDANT'S LETTERHEAD]
[DATE]


TO WHOM IT MAY CONCERN:


Mr. Economos was employed by Huntersville Seafood, Inc. d/b/a Captain's Galley from approximately October 12, 2007 to May 23, 2008. During his tenure with us, Mr. Economos held the position of cook. His ending salary was [amount] per [hour or week].

We hope that this information about Mr. Economos is helpful to you in considering him for employment.

Sincerely,


Konstantinos "Gus" Kazakos

**EXHIBIT A**

[DEFENDANT'S LETTERHEAD]
[DATE]

TO WHOM IT MAY CONCERN:

Mr. Turnmire was employed by Huntersville Seafood, Inc. d/b/a Captain's Galley from March 2008 to September 2008. During his tenure with us, Mr. Turnmire held the position of cook. His ending salary was [amount] per [hour or week].

We hope that this information about Mr. Turnmire is helpful to you in considering him for employment.

Sincerely,

Konstantinos "Gus" Kazakos

**EXHIBIT B**

[DEFENDANT'S LETTERHEAD]
[DATE]


TO WHOM IT MAY CONCERN:


Mr. Bunn was employed by Huntersville Seafood, Inc. d/b/a Captain's Galley from approximately October 2007 to February 2008. During his tenure with us, Mr. Bunn held the position of cook. His ending salary was [amount] per [hour or week].

We hope that this information about Mr. Bunn is helpful to you in considering him for employment.


Sincerely,

Konstantinos "Gus" Kazakos

**EXHIBIT C**

[DEFENDANT'S LETTERHEAD]
[DATE]


TO WHOM IT MAY CONCERN:

Mr. Sherrill was employed by Huntersville Seafood, Inc. d/b/a Captain's Galley from approximately May 2008 to October 2008. During his tenure with us, Mr. Sherrill held the position of busboy and cook. His ending salary was [amount] per [hour or week].

We hope that this information about Mr. Sherrill is helpful to you in considering him for employment.

Sincerely,

Konstantinos "Gus" Kazakos

**EXHIBIT D**

13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**
            **Plaintiff,**

            v.

**HUNTERSVILLE SEAFOOD INC.,**
**d/b/a CAPTAIN'S GALLEY,**

            **Defendant.**
_____

)
)
))

1.    This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC) and Huntersville Seafood, Inc. d/b/a Captain's Galley ("Huntersville Seafood") in a case of discrimination based on sexual harassment and retaliation. Specifically, the EEOC alleged that Huntersville Seafood, Inc. d/b/a Captain's Galley discriminated against Peter Economos and a class of similarly situated male employees by subjecting them to a sexually hostile work environment because of their sex, male, and by terminating Mr. Economos' employment in retaliation for his complaints about the sexual harassment. As part of the settlement, Huntersville Seafood Inc. d/b/a Captain's Galley agreed to pay monetary damages to Economos and a class of similarly situated male employees and to take other action set out in the Consent Decree resolving this matter. Huntersville Seafood, Inc. denies that it has engaged in discriminatory employment practices. Likewise, the Commission does not in any way imply or suggest that Huntersville Seafood was in compliance with the law.

2.    Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.    Huntersville Seafood, Inc. d/b/a Captain's Galley will comply with such federal laws in all respects. Furthermore, Huntersville Seafood, Inc. d/b/a Captain's Galley will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: _____
**EXHIBIT E**